**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RACHAEL OBERHOLTZER | : | |
| | : | |
| *Plaintiff,* | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| GEICO CASUALTY COMPANY | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendant.* | : | |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

## I.    PARTIES

1.    Plaintiff, Rachael Oberholtzer, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 101 Pottstown Avenue, Pennsburg, PA 18073.

2.    Defendant, GEICO Casualty Company ("GEICO Casualty"), was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Nebraska and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with a principal place of business located at 7272 Wisconsin Avenue, Bethesda, Maryland 20814-4836, and a registered agent for service of process, C T Corporation System, located at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808. Therefore, Defendant GEICO Casualty is a citizen of the States of Nebraska and Maryland.

## II.    JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.    The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiff's claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the District.

III.    **STATEMENT OF CLAIMS**

6.      At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7.      At all times material hereto, Plaintiff Rachael Oberholtzer was insured by Defendant GEICO Casualty under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 4332-67-34-76. A copy of the Declaration Pages for policy number 4332-67-34-76 covering the date of the accident at issue in this matter is attached as Exhibit "A" and incorporated by reference.

8.      On or about May 18, 2025, while the aforementioned policy was in full force and effect, Plaintiff Rachael Oberholtzer was a front-seat passenger in a certain grey 2018 Jeep Wrangler motor vehicle, with Pennsylvania license plate #MSD6411, lawfully operated by Eric Oberholtzer, which was traveling northbound on N Charlotte Street at or near its intersection with Kauffman Road in Lower Pottsgrove Township, Montgomery County, Pennsylvania, when, suddenly and without warning, a certain tan 2006 Mazda6 motor vehicle with Pennsylvania license plate #JGH8818, owned and operated by Ronald L. Hartman, was proceeding westbound on Kauffman Road at or near the aforesaid intersection, disregarded the stop sign controlling his direction of travel and proceeded into the aforesaid intersection without adequate clearance or the

right-of-way, thereby causing the vehicle in which Plaintiff was a passenger to collide with Hartman's vehicle with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9.      At the time of the aforementioned accident, the motor vehicle owned and operated by Ronald L. Hartman was insured under a policy of automobile insurance issued by Progressive Specialty Insurance Co.

10.     The aforementioned accident was caused solely by the negligence and carelessness of Ronald L. Hartman and was not the result of the actions or inactions of Plaintiff Rachael Oberholtzer.

11.     By reason of the aforesaid negligence and carelessness of Ronald L. Hartman, Plaintiff Rachael Oberholtzer suffered severe and permanent injuries, including, but not limited to: L5-S1 right HNP with radiculopathy; status post right L5-S1 microdiscectomy on April 2, 2026; herniated nucleus pulposus of lumbosacral region; other intervertebral disc displacement, lumbosacral region; large right L4-L5 and L5-S1 lumbar disc protrusion causing right L5-S1 lumbar radiculopathy; lumbar disc protrusion with large herniation at L5-S1; right paramedian broad-based disc protrusion at L5-S1 affecting the right S1 nerve root; right L4-L5 subligamentous disc herniation with compression of the right L5 nerve root; right paramedian disc protrusion at L4-L5 affecting the right L5 nerve root; other intervertebral disc displacement, lumbar region; lumbar disc protrusions and large herniations; lumbar radiculopathy; radiculopathy of lumbosacral region; radiculopathy, thoracolumbar region; lumbago with sciatica, right side; lumbar radicular symptoms; right lower extremity radicular symptoms; right leg pain; right leg weakness; right foot weakness; right leg numbness; numbness and tingling in the right foot; diminished sensation along the top and bottom of the right foot and right calf; right-sided lumbar and hip pain with right lower

extremity radicular pain radiating down the lateral right leg into the lateral ankle and right heel; decreased sensation in the right L5-S1 dermatome; balance difficulty and falls; lumbar sprain and strain; strain of muscle, fascia, and tendon of lower back; sprain of ligaments of lumbar spine; lumbar strain; lumbar spasm; muscle cramps; cervical whiplash injury; sprain of ligaments of cervical spine; cervical sprain; cervical strain; cervical spasm; cervical and lumbar spasm; sprain of ligaments of thoracic spine; thoracic spasm; sprain of sacroiliac joint; right shoulder airbag burn and abrasion with right shoulder pain; pain in right upper arm; other specified soft tissue disorders; myalgia; right hip pain; neck pain; headache; sleep disturbance; post-traumatic stress disorder (PTSD) and/or post-traumatic stress symptoms; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

12.    As a further result of the accident, Plaintiff Rachael Oberholtzer has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13.    As a further result of the accident, Plaintiff Rachael Oberholtzer has or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period of time in the future.

14.    As a direct and reasonable result of the accident aforementioned, Plaintiff Rachael Oberholtzer may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. as amended, for which she claims damages herein.

15.     Further, by reason of the aforesaid accident, Plaintiff Rachael Oberholtzer has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

16.     As a further result of the accident, Plaintiff Rachael Oberholtzer has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable, and severe.

17.     Plaintiff Rachael Oberholtzer settled her underlying claim against Ronald L. Hartman for the full amount of the applicable Progressive Specialty Insurance Co. policy limits. The consent to settle is attached as Exhibit "B".

18.     Notice of the aforesaid covered loss and Plaintiff's intent to pursue underinsured benefits was provided to Defendant GEICO Casualty in a prompt and timely manner by Plaintiff and, at all times relevant hereto, Plaintiff fully complied with all of the terms and conditions required by the policy.  A copy of Plaintiff's May 4, 2026 demand letter is attached as Exhibit "C."

19.     Plaintiff demands underinsured motorist benefits in the amount of the policy limits.

20.     Defendant GEICO Casualty, despite Plaintiff's May 4, 2026 demand for underinsured motorist benefits under the Policy and submission of Plaintiff's medical specials – the same documentation which supported Plaintiff's settlement with Progressive Specialty Insurance Co., has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiff monies owed for the injuries suffered as a result of the aforesaid loss. See Exhibit "C."

21.     As a result of Defendant GEICO Casualty's failure and refusal to pay reasonable benefits to the Plaintiff as required under the Policy, Plaintiff has suffered losses and damages.

## COUNT I
## RACHAEL OBERHOLTZER v. GEICO CASUALTY COMPANY
## <u>BREACH OF CONTRACT</u>

22.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) of the within Complaint, as though the same were fully set forth at length herein.

23.     Defendant GEICO Casualty has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

24.     Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

25.     Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

26.     For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

27.     Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

28.     Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

29.     Defendant's denial of coverage was made without a reasonable basis in fact.

30. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Rachael Oberholtzer, demands judgment against Defendant, GEICO Casualty Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II
## RACHAEL OBERHOLTZER v. GEICO CASUALTY COMPANY
## BAD FAITH – 42 PA. C.S.A. § 8371

31. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty (30) of the within Complaint as though the same were fully set forth at length herein.

32. Defendant has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. § 8371, et seq.

33. In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

(a)    failing to evaluate Plaintiff's claim objectively and fairly;

(b)    failing to complete a prompt and thorough investigation of Plaintiff's claim;

(c)    failing to pay Plaintiff's covered loss in a prompt and timely manner;

(d)    conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e)    failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(f)    failing to keep the Plaintiff or her representatives fairly and adequately advised as to the status of the claim;

(g)    unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or her representatives;

(h)    failing to make a reasonable settlement offer to Plaintiff;

(i)    unreasonably withholding policy benefits;

(j)    acting unreasonably and unfairly in response to Plaintiff's claim; and

(k)    unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

34.    For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. § 8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff Rachael Oberholtzer demands that the Court enter judgment in favor of Plaintiff and against Defendant GEICO Casualty Company, and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims.

Respectfully submitted,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:    */s/Maria K. McGinty-Ferris*
          Maria K. McGinty-Ferris, Esquire
          547 E. Washington Avenue
          Newtown, PA 18940
          T: (215) 550-6553
          F: (215) 550-6557

          Attorney for Plaintiff,
          Rachael Oberholtzer

Date: July 31, 2026

# EXHIBIT A



**GEICO.**
**geico.com**

**Tel:** 1-800-841-3000

**GEICO Casualty Company**
One GEICO Boulevard
Fredericksburg, VA 22412-0003

# Declarations Page
This is a description of your coverage.
Please retain for your records.

## Policy Number: 4332-67-34-76
## Coverage Period:
12-02-24 through 06-02-25
Your coverage begins and ends at 12:01am local time at the address of the named insured.

Endorsement Effective: 02-07-25

Date Issued: February 7, 2025

RACHAEL L OBERHOLTZER AND ERIC
 S OBERHOLTZER
101 POTTSTOWN AVE
PENNSBURG PA  18073-1333

Email Address: rachaellynn111@gmail.com

**PENNSYLVANIA LAW REQUIRES THAT WE NOTIFY YOU THAT THIS POLICY COVERS COLLISION DAMAGE TO A RENTAL VEHICLE WITH THE SAME POLICY PROVISIONS AND CONDITIONS, COVERAGE LIMITS AND DEDUCTIBLES THAT APPLY TO YOUR OWNED AUTO. IF YOU HAVE MORE THAN ONE CAR INSURED, THE RENTAL CAR WOULD BE COVERED WITH THE BROADEST (LOWEST DEDUCTIBLES) COVERAGES INCLUDED UNDER THE COLLISION ON YOUR POLICY. REMEMBER COLLISION COVERAGE EXTENDS ONLY IF YOU HAVE PURCHASED IT FOR YOUR OWN VEHICLES.**

---

**Named Insured**
Rachael Lynn Oberholtzer
Eric Scott Oberholtzer

**Additional Drivers**
None

---

| Vehicles | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2022 Honda Pilot | 5FNYF6H58NB089846 | PENNSBURG PA 18073-1333 | |
| 2 2018 Jeep Wrangler | 1C4HJXDG5JW171809 | PENNSBURG PA 18073-1333 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Bodily Injury Liability Each Person/Each Occurrence | $100,000/$300,000 | $45.58 | $59.27 |
| Property Damage Liability | $50,000 | $114.79 | $141.69 |
| First Party Benefits | Option A | $10.36 | $9.91 |
| Uninsured Motorists/With Stacking Each Person/Each Occurrence | $100,000/$300,000 | $12.27 | $14.70 |
| Underinsured Motorist/With Stacking Each Person/Each Occurrence | $100,000/$300,000 | $69.91 | $83.86 |

T-L
DEC_PAGE (03-14)  (Page 1 of 4)

Continued on Back
**Endorsement** Page 3 of 6

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Comprehensive (Excluding Collision) | $500 Ded | $103.29 | $74.72 |
| Collision | $500 Ded | $214.38 | $121.34 |
| Emergency Road Service | ERS FULL | $4.87 | $8.40 |
| Rental Reimbursement | $50 Per Day $1,500 Max | $32.41 | $32.41 |
| Mechanical Breakdown | $250 Ded | $40.68 | - |
| **Six Month Premium Per Vehicle** | | **$648.54** | **$546.30** |
| **Total Six Month Premium** | | | **$1,194.84** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

## Discounts

**The total value of your discounts is**                                                          **$471.32**

Anti-Theft ................................................................................................................$19.78

Restraint ...............................................................................................................$8.69

Anti-Lock Brake ....................................................................................................$17.67

Multiline ...............................................................................................................$52.64

Good Driver ..........................................................................................................$120.02

Multi-Vehicle ........................................................................................................$174.83

Continuous Insurance ..........................................................................................$14.79

Sponsored Marketing ...........................................................................................$62.90

**The following discounts have also been applied**

Driving Experience ...............................................................................................Included

Secondary Underwriting Tier ................................................................................Included

**Contract Type:**   A30PA

**Contract Amendments:**  ALL VEHICLES - A30PA SIGPGCW

**Unit Endorsements:**   A468(VEH 1,2)

## Important Policy Information

- Congratulations! You have earned the free Accident Forgiveness benefit. That means we will waive the surcharge associated with the first at-fault accident caused by an eligible driver on your policy.

## Important Policy Information

- If you have not already taken advantage of our Recurring Credit Card or Electronic Funds Transfer (EFT) programs, please visit geico.com or call 1-800-932-8872 to enroll in either program.

- You are receiving a $62.90 reduction based on your membership in PI LAMBDA THETA - PLT.

- You are currently carrying the Limited Tort option on your policy.

- Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA, however, in Virginia coverage is limited for custom furnishings or equipment on pick-up trucks and vans but you may purchase coverage for this equipment. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

- If we cancel your policy due to nonpayment of premium or for underwriting reasons and your coverage lapses, we will assess a $35.00 fee to reissue your policy. We will not reissue the policy (and you will not have coverage) if the fee is not paid.

- We have a new rating program available. If you're interested in learning more, inquire at 1-866-422-0360.

- WE HAVE DELETED THE LIENHOLDER FROM YOUR 2021 HONDA PASSPORT

- The 2021 HONDA has been deleted from your policy.

# EXHIBIT B

| | |
|---|---|
| **From:** | do_not_reply@geico.com |
| **Sent:** | Monday, May 4, 2026 7:48 AM |
| **To:** | Tzvi Weimer |
| **Subject:** | GEICO claim Letter |

Please Review An Important Message From GEICO About Your Claim



Your Claim Number: 0491591870101033
GEICO Casualty Company



## An Important Message From GEICO About Your Claim

May 4, 2026

Client(s):                    Rachael and Eric Oberholtzer

Dear Swartz Culleton Ferris Pc,

Please be advised that GEICO Choice Insurance Company will consent to the settlement your client wishes to settle with the tortfeasor and does agree to waive our UIM subrogation rights.  Your client may settle his/her injury claim with the tortfeasor and or their insurance carrier at her discretion.

Please contact me at the number below if you have any questions or concerns.

Sincerely,

Matt Irwin

540-286-4326

1

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Do not reply to this email. Information emailed in response to this message will not become part of your claim file; submit your inquiries to contact us.

GEICO Casualty Company
One GEICO Plaza, Washington, D.C. 20076
1-800-841-3000



CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

2

# EXHIBIT C

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

Ethan B. Rodan, Esquire

Ariel Piña, Esquire

Tanner J. Bowes, Esquire

David A. Holtz, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com
erodan@swartzculleton.com
apina@swartzculleton.com
tbowes@swartzculleton.com
dholtz@swartzculleton.com



**May 4, 2026**

**GEICO Insurance**
**Matt Irwin**
geicoclaims@geico.com
**(Demand Emailed)**

|  |  |  |
|---|---|---|
| **RE:** | **Our Client:** | **Rachael Oberholtzer** |
|  | **Date of Loss:** | **5/18/25** |
|  | **Your Insured:** | **Rachael Oberholtzer & Eric Oberholtzer** |
|  | **Claim #:** | **0491591870101033** |

**Dear Mr. Irwin,**

Enclosed, please find plaintiff's specials package in this matter. As you know the third-party defendant has policy limits of **$25,000**. **Rachael Oberholtzer's** damages far exceed those policy limits. This is to advise you that our client has authorized us to settle this claim in the amount of the underinsured policy limits.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **June 3, 2026**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us. Should this offer not be accepted by **June 3, 2026**, it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against **GEICO Insurance.**

I look forward to hearing from you at your earliest convenience.

Very truly yours,

SWARTZ CULLETON PC

Brandon Swartz

**BAS/tzw**
Enclosures